UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maurice Portis, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>                  -against-<br><br>Fitness International, LLC<br><br>                      Defendant. | Civil Action No. 1:18-cv-4091<br><br>Removed from the Supreme Court of the State of New York, Bronx County<br>Index No. 23752/2018E<br><br>**NOTICE OF REMOVAL** |

Defendant Fitness International, LLC ("Fitness International") removes this action from the Supreme Court of the State of New York for the County of Bronx ("State Court") to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1332(d). In support of removal, Fitness International states as follows:

## BACKGROUND TO THE NOTICE OF REMOVAL

1. On April 2, 2018, Plaintiff Maurice Portis, on behalf of himself and all others similarly situated, commenced this action by filing a Complaint in State Court under the caption *Maurice Portis v. Fitness International, LLC*, Index No. 23752/2018E. The documents filed in State Court in this matter are attached as Exhibit A.

2. Plaintiff purports to assert claims for violations of New York State Labor Law, including failure to pay wages for all hours worked, overtime, and other required compensation, and failure to provide accurate wage statements.

3. On April 5, 2018, Plaintiff served Fitness International with the Complaint through service on the New York Secretary of State. Thus, this Notice of Removal is timely.

1

4.  Fitness International owns and operates fitness clubs in New York State under the name LA Fitness. (*See* Compl. at 1; Exhibit B, Decl. of Mindy Stokesberry ("Stokeberry Decl.") ¶ 2.)

5.  Plaintiff was an employee of Fitness International from approximately September 2017 to November 2017, working as a sales associate at a location in Bronx, New York. (Compl. ¶¶ 1, 5, 21; Stokesberry Decl. ¶ 4.) Plaintiff claims that, throughout his employment, Fitness International violated New York Labor Law by allegedly failing to (i) properly compensate and/or reimburse him for costs associated with uniform maintenance (Compl. ¶¶ 50–57), (ii) pay him for all hours worked (*id.* ¶¶ 30, 59–63), (iii) pay overtime for all hours worked over 40 in a week (*id.* ¶¶ 65–68), (iv) provide additional compensation required when his spread of hours worked exceeded ten hours (*id.* ¶¶ 70–72), and (v) provide him with an accurate wage statement for each payment of wages (*id.* ¶¶ 73–75).

6.  Plaintiff alleges that Fitness International's conduct has been "widespread, repeated, and consistent" and resulted in "damages which Plaintiff and Class Plaintiffs have sustained[,]" and he purports to bring his claims on behalf of a class consisting of "[a]ll current and former sales associates and other employees who worked for Defendant in the State of New York during the" period of April 2012 to present. (*See id.* ¶¶ 39, 8–9, Prayer for Relief.)

7.  On behalf of himself and the purported class, Plaintiff seeks to recover, "[b]ase damages equal to 100% of wages owed;" "[l]iquidated damages equal to 100% of wages owed;" "statutory penalties for each workday that Defendants failed to provide . . . an accurate wage statement, or a total of $5,000;" "[e]xemplary, punitive, and statutory damages in an amount commensurate with Defendant's ability[;]" and "costs and disbursements in connection with this action including reasonable attorney's fees, and other costs[.]" (*Id.* at Prayer for Relief.)

## REMOVAL IS PROPER PURSUANT TO
## THE CLASS ACTION FAIRNESS ACT OF 2005

8. Fitness International denies liability on all claims alleged in this action, denies that class certification is proper, and reserves all rights in these regards. For the purposes of meeting the jurisdictional requirements of removal only, however, Fitness International submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA provides that the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (CAFA's "provisions should be read broadly"). All three conditions are satisfied here.[1]

### Class of 100 or More Members

9. Plaintiff purports to bring his claims on behalf of a class "all current and former sales associates and other employees who worked for Defendant in the State of New York during the Class Period," which he defines as "the period commencing six years prior to the filing of this action and continuing until such further dates as the practices complained of are discontinued"—i.e., from approximately April 2012 to present. (Compl. ¶¶ 8–9.) Plaintiff alleges that, "the size of the [purported] class is believed to be in excess of 100 individuals." (*Id.* ¶ 10.) In fact, Fitness International employed approximately 9,000 employees in New York

---

[1] Fitness International does not waive, and expressly reserves, all arguments that this matter is improper for class certification.

State from April 2012 to present. (Stokesberry Decl. ¶ 5.) Thus, there are more than 100 members in the proposed class.

## Minimal Diversity of Citizenship

10. For purposes of removal based on diversity, an individual's citizenship is determined by his domicile. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation"— i.e., "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983); *see also Palazzo*, 232 F.3d at 42. For purposes of removal under CAFA, the citizenship of both named and putative class members is considered. 28 U.S.C. § 1332(d)(1)(D) ("'[C]lass members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class.").

11. Plaintiff alleges that he "is a citizen of New York State and resides in the Bronx, New York." (Compl. ¶ 1.) Plaintiff's personnel file indicates that he lived in New York during his employment with Fitness International in 2017 and had no other residence outside of New York, indicating his intent to remain in New York as his domicile. (*See* Stokesberry Decl. ¶ 4); *Martinez*, 461 U.S. at 331. Fitness International is unaware of "any state or other jurisdiction of which [Plaintiff] is a citizen for purposes of 28 U.S.C. § 1332." *See* Local Civil Rule 81.1. Thus, Plaintiff is a citizen of New York.

12. Fitness International's personnel records indicate that the putative class, comprised of approximately 9,000 individuals who were employed by Fitness International in New York State at any point from April 2012 to present, includes individuals whose current or last known domicile is in New York, New Jersey, and Connecticut. (Stokesberry Decl. ¶ 6.)

13. Fitness International is a limited liability corporation organized under the laws of California with its principal place of business in California. (Stokesberry Decl. ¶ 2; *see also* Compl. ¶ 3.) For purposes of removal under CAFA, the citizenship of a limited liability company is determined by reference to "where it has its principal place of business and the State under whose laws it is organized." *See* 28 U.S.C. § 1332(d)(10); *Claridge v. N. Am. Power & Gas, LLC*, 2015 U.S. Dist. LEXIS 117693, at *3–4 (S.D.N.Y. Sept. 2, 2015) (citing *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233, 1237 n.1 (5th Cir. 2015) (holding limited liability company was citizen of states where it was organized and had its principal place of business); *Ferrell v. Express Check-Advance of S.C. LLC*, 591 F.3d 698, 700 (4th Cir. 2010). Accordingly, Fitness International is a citizen of California for purposes of CAFA jurisdiction.[2]

14. Because (i) Plaintiff is a citizen of New York, (ii) the putative class includes citizens of New York, New Jersey, and Connecticut, and (iii) Fitness International is a citizen of California, at least one member of the plaintiff class is a citizen of a state different from Fitness International within the meaning of 28 U.S.C. § 1332(d)(2)(A).

<u>Amount in Controversy Exceeds $5,000,000</u>

15. The claims that Plaintiff asserts on behalf of a putative class, aggregated as required by 28 U.S.C. § 1332(d)(2), exceed $5,000,000. Although Fitness International denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the putative class and broad variety of claims and relief sought, the amount put in controversy by this litigation exceeds $5,000,000.

---

[2] For the purpose of complying with Local Civil Rule 81.1, Fitness International states that its members are: LAF, Inc., incorporated and having its principal place of business in California, and Seidler Fitness Holdings II, L.P. and The Seidler Company, LLC, both of which were formed under the laws of Delaware and have their principal place of business in California. (Stokesberry Decl. ¶ 3.)

16. Plaintiff does not allege that he is seeking less than $5,000,000 on behalf of herself and the putative class. In these circumstances, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

17. Fitness International employed approximately 9,000 employees in New York State from April 2012 to present. (Stokesberry Decl. ¶ 5.) Accordingly, to reach an aggregate amount in controversy of $5,000,000, each putative class member's potential recovery would only need to be $555.56 to satisfy the $5,000,000 threshold.

18. In Plaintiff's first cause of action, he alleges that Fitness international failed to pay uniform maintenance pay or otherwise reimburse employees for the cost of maintaining uniforms in violation of the Minimum Wage Order for Miscellaneous Industries and Occupations, 12 NYCRR 142 (the "MWO"). (Compl. ¶¶ 55, 57.) In 2017, the MWO required that large employers of 11 or more employees pay employees a minimum hourly wage of $11.00 and a weekly allowance for the maintenance or laundering of required uniforms of $13.70 in addition to required minimum wages for employees who worked over 30 hours per week. 12 NYCRR 142. Plaintiff alleges that he was employed by Fitness International for approximately seven weeks, paid an hourly wage of $11.00/hour, worked over 30 hours/week, and required to wear and maintain a uniform without receiving any payment or reimbursement for that maintenance. (Compl. ¶¶ 21–22, 25, 45, 55.) If Fitness International were required to pay the weekly allowance for the maintenance or laundering of uniforms, Plaintiff would be owed $95.90 ($13.70 weekly allowance x 7 weeks). If Fitness International were required to make similar payments to the other 9,000 employees employed during the putative class period, for the same number of weeks (a relatively short time period of employment), the amount in

controversy for this claim is approximately $863,100.  Alternatively, assuming conservatively that (i) 2,300 employees (i.e., roughly 25% of all New York employees) wore a required uniform and worked at least 30 hours per week, (ii) each of those 2,300 employees worked at least 20 weeks between April 2012 and present, and (iii) each employee should have been compensated an average of $13.70 per week (to account for the range of the weekly allowance for uniform maintenance required under the MWO from April 2012 to present), the amount in controversy for this claim is approximately $630,200 (2,300 employees x 20 weeks x $13.70/week).

19.     In Plaintiff's second cause of action, he alleges that he and the purported class "are entitled to recover from Defendant the difference between the amount they were actually paid, and the amount that they should have been paid had Defendant paid them the agreed-upon wages."  (*Id.* ¶ 63.)  Plaintiff alleges that, because he "routinely work[ed] through his lunch break" and "past 8:00pm," he regularly worked at least nine hours per day but was only paid for eight hours per day under Fitness International's timekeeping system.  (*Id.* ¶¶ 26–27, 29.)  As a result, Plaintiff alleges, he "was not paid for at least 10 hours, and in some cases as many as 20 or more hours, per [bi-weekly] pay period."  (*Id.* ¶¶ 28, 30.)  If Plaintiff was not paid for 10 hours per bi-weekly pay period from September 15, 2017 to November 1, 2017, that would mean Plaintiff was not paid for a total of approximately 30 hours (10 hours x approximately three bi-weekly pay periods), at his alleged hourly rate of $11.00/hour, for a total of $330.  And, because Plaintiff claims he is entitled to liquidated damages equal to 100% of his actual damages, his alleged damages for this claim total $660.  (*See id.* ¶ 63.)  Plaintiff alleges that Fitness International engaged in this same conduct and seeks this same relief with respect to the putative class of all Fitness International employees from April 2012 to present.  (*See id.* ¶¶ 61, 63.)  If Fitness International failed to pay each of those 9,000 employees for only 8 hours at a rate of

7

$11.00/hour for only one bi-weekly pay period, the amount in controversy for this claim thus is approximately $1,584,000 (9,000 employees x 8 hours x $11.00/hour x 1 bi-weekly pay period x 2 for liquidated damages equal to 100% of actual damages).  And, if Fitness International failed to pay each of those employees for only 8 hours at $11.00/hour for three pay periods—i.e., the minimum of what Plaintiff alleges he is owed—the amount in controversy for this claim alone equals approximately $4,752,000 (9,000 employees x 8 hours x $11.00/hour x 3 bi-weekly pay period x 2 for liquidated damages equal to 100% of actual damages).

20. In Plaintiff's third cause of action, he alleges Fitness International "failed to pay Plaintiff and [putative] Class Plaintiffs overtime wages to which they are entitled" under New York law "for hours worked in excess of 40 in a week." (*Id.* ¶¶ 66–67.)  Plaintiff alleges that he worked "at least 9 hour days" five days per week and was only paid eight hours per shift, even "when he worked well in excess of 8 hours per shift," meaning that at a minimum he was not paid for five hours worked in excess of 40 in a week (nine hours/day x five days = 45 hours). (*Id.* ¶¶ 25–26, 29, 34.)  If Plaintiff was not paid overtime for five hours per week for approximately six weeks from September 15, 2017 to November 1, 2017, that means Plaintiff was not paid overtime for a total of approximately 30 hours (five hours x six weeks).  Based on an overtime rate of 1.5 times Plaintiff's alleged hourly rate of $11.00, Plaintiff alleges he is owed at least $495 in unpaid overtime (30 hours x $11.00/hour x 1.5 for overtime rate).  And, because Plaintiff claims he is entitled to liquidated damages equal to 100% of his actual damages, his alleged damages for this claim total $990. (*See id.* ¶ 68.)  Plaintiff alleges that Fitness International engaged in this same conduct and seeks this same relief with respect to the putative class of all Fitness International employees from April 2012 to present. (*See id.* ¶¶ 66–68.)  If Fitness International (i) engaged in this alleged practice for 1,000 employees in New York

8

(roughly 11% of the 9,000 putative class members) in 2017, (ii) for only 20 hours per employee (e.g., five unpaid overtime hours over four weeks), (iii) based on 1.5 times the 2017 $11.00/hour minimum wage—i.e., an additional $5.50/overtime hour—the extremely conservative estimate for the amount in controversy for this claim is approximately $220,000 (1,000 employees x 20 hours x $5.50 x 2 for liquidated damages equal to 100% of actual damages).

21.     In Plaintiff's fourth cause of action, he alleges that Fitness International failed to compensate employees for an additional hour's pay at minimum wage for days where the employee's spread of hours exceeded 10 hours in a day. (*Id.* ¶ 70.) Assuming conservatively that 1,000 putative class member employees worked at least three days where the spread of hours exceeded 10 hours in 2017, then the amount put in controversy by this claim is at least $33,000 (1,000 employees x 3 days x $11.00/hour).

22.     In Plaintiff's fifth cause of action, he alleges that he and each putative class member is "entitled to statutory penalties of $250 for each day that Defendant failed to provide Plaintiff and [putative] Class Plaintiffs with an accurate wage statement, to a maximum of $5,000 for each of Plaintiff and each [putative] Class Plaintiff." (*Id.* ¶ 75.) On its face, then, the amount in controversy for this claim alone is approximately $45,000,000 (9,000 employees x $5,000 in statutory damages). More conservatively, CAFA's minimum amount in controversy would still be exceeded—at a total of $6,750,000—by this claim alone if Fitness International failed to provide each of the 9,000 employees with an accurate wage statement for only three days per employee (9,000 employees x 3 days x $250 statutory damages per day).

23.     Thus, a conservative total amount of damages put into controversy by Plaintiff's claims is approximately $9,217,200. In addition, because attorney's fees are available to Plaintiffs under New York Labor Law § 198, they may be included in the amount in controversy

9

under CAFA, and would further increase this amount. *Henry v. Warner Music Grp. Corp.*, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) ("Because this action is brought pursuant to the [New York Labor Law], which expressly allows for an award of attorney's fees . . . attorneys' fees may be included in the calculation of the amount in controversy [under CAFA].").

### REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET

24. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the Supreme Court of the State of New York for Bronx County, which is located in the Southern District of New York.

25. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court action are attached as Exhibit A.

26. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of service of the Complaint on Fitness International.

27. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Fitness International will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

28. No previous application has been made for the relief requested herein.

29. By filing this Notice of Removal, Fitness International does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

30. Fitness International reserves the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent.

WHEREFORE, Fitness International respectfully gives notice of and removes this action to this Court.

Dated:   New York, New York            Respectfully submitted,
         May 7, 2018

                                       By: */s/ Mark W. Robertson*
                                       Mark W. Robertson
                                       Daniel J. Franklin
                                       Stephanie Drotar
                                       O'MELVENY & MYERS LLP
                                       Times Square Tower
                                       7 Times Square
                                       New York, NY 10036
                                       Tel.: (212) 326-2000
                                       Fax: (212) 326-2061
                                       mrobertson@omm.com
                                       dfranklin@omm.com
                                       sdrotar@omm.com

                                       *Attorneys for Defendant Fitness International, LLC*