# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------x

MAURICE PORTIS, on behalf of himself
and all others similarly situated,

                Plaintiff,

              -against-

FITNESS INTERNATIONAL, LLC d/b/a
LA FITNESS,

                Defendant.

------------------------------------------------------------------------x

Index No.:_____

Date Summons Filed: _____

**SUMMONS**

Plaintiffs designates Bronx County
as the place of trial

*To the Above-Named Defendants:*

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Plaintiff designates Bronx County as the place of trial.  The basis of venue designated is the residence of Plaintiff.

Dated: Jericho, New York
       April 2, 2018

                        /s/ MARK GAYLORD_____
                        Mark Gaylord, Esq.
                        Bouklas Gaylord LLP
                        *Attorneys for Plaintiffs*
                        400 Jericho Turnpike Suite 226
                        Jericho, NY 11753
                        Phone: (516) 742-4949
                        Fax:    (516) 742-1977

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------x
MAURICE PORTIS, on behalf of himself                         Index No.:
and all others similarly situated,

                           Plaintiffs,                 **COMPLAINT**

             -against-

FITNESS INTERNATIONAL, LLC d/b/a
LA FITNESS,

                       Defendant.
------------------------------------------------------------------------x

      Plaintiff Maurice Portis ("Portis" or "Plaintiff"), on behalf of himself and all others

similarly situated, brings this action for damages and other legal and equitable relief against the

Defendant Fitness International, LLC d/b/a LA FITNESS ("Defendant"), upon personal

knowledge as to himself and upon information and belief as to others, for violations of the New

York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"),

The New York Wage Theft Prevention Act, and any other causes of action that can be inferred

from the facts set forth herein:

<strong>PARTIES</strong>

     1.      Plaintiff is a citizen of New York State and resides in the Bronx, New York.

     2.      Plaintiff was throughout his entire employment with Defendant, a covered, non-

exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be

paid in full for all hours worked.

     3.      Upon information and belief, Defendant is a corporation organized pursuant to the

laws of the State of New York with a corporate headquarters located at 3161 Michelson Drive,

Suite 600, Irvine, CA 92612.

1

4.      Defendant has locations across the United States, including the location at 1776 Eastchester Road, Bronx, NY 10461.

5.      Defendant employed Plaintiff as a sales associate in Plaintiff's Bronx location at 1776 Eastchester Road, Bronx, NY 10461, New York, and maintained control, oversight, and direction over Plaintiff in regard to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

6.      Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

7.      Defendant, by virtue of its ownership, management, and control over the wages and work of Plaintiff, is considered an employer under the NYLL §190(3).

## CLASS ALLEGATIONS

8.      Plaintiff brings this action on behalf of himself and all other similarly situated non-exempt hourly paid employees who worked for Defendant in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

9.      This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules. Plaintiff brings this action on his own behalf and as a class consisting of:

> All current and former sales associates and other employees who worked for Defendant in the State of New York during the Class Period who (a) were not compensated for all hours worked; (b) were not compensated at the statutory overtime rate of one-and-one-half their hourly rate of pay for hours worked in excess of 40 per week; (c) worked 10 or more hours in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between the start and end times exceed ten hours; (d) were not provided an accurate statement with every payment of wages, listing gross wages, deductions, and net wages, or (e) were required as a

2

condition of their employment to wear a uniform that required daily washing and were not furnished in sufficient number or reimbursed by the employer for a sufficient number of uniforms, consistent with the average number of days per week worked by the employee, and were not provided uniform maintenance pay or reimbursement (collectively the "Class").

10.     Each of the enumerated and defined characteristics labeled as (a) through (e) sufficiently and independently describe a class, giving rise to potentially five classes of plaintiffs intended to be covered by this suit. Hereinafter, the classes will be referred to in the singular as "Class," and members of each class as "Class Plaintiffs," collectively.

11.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the Class is believed to be in excess of 100 individuals. In addition, the names of all potential members of the Class are not known.

12.     The questions of law and fact common to the Class predominate over any questions affecting only individual members.

13.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14.     There is no conflict between Plaintiff and any other member of the Class.

15.     The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

    a.   whether Defendant enforced clock-in and timekeeping procedures that automatically deducted a lunch period regardless of whether Class Plaintiffs actually took their lunch periods;

3

b.  whether Defendant enforced clock-in and timekeeping procedures that reflected shorter shifts than Plaintiffs actually worked;

c.  whether Plaintiffs were required to wear uniforms;

d.  whether Defendant failed to reimburse Class Plaintiffs for business expenses borne for the benefit and convenience of the Defendant including the laundering of said uniforms;

e.  the number of uniforms provided to each Class Plaintiff;

f.  whether Defendant offered to launder the required uniforms; and

g.  whether Defendant paid Class Plaintiffs an additional hour at the minimum wage for each shift worked where the start and end time was more than 10 hours apart.

16.    The claims of Plaintiff are typical to the claims of the Class because they are all current or former sales associates and other employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

17.    Plaintiff and his counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

18.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

4

19.     The below factual allegations are, upon information and belief, consistent among all members of the Class.

## FACTS

20.     All of the alleged violations by Defendant of the NYLL and supporting New York State Department of Labor Regulations were knowing or intentional.

21.     Plaintiff was employed by Defendant as a sales associate from September 15, 2017 through November 1, 2017.

22.     Plaintiff's agreed upon wages for the period of his employment was $11 per hour, plus commissions for signing up gym memberships.

23.     Plaintiff's duties were to perform labor in furtherance of Defendant's business.

24.     Plaintiff had no authority to hire employees, fire employees, suspend employees, discipline employees, and/or discretion or independent judgment regarding matters of significance.

## Wage Violation

25.     Plaintiff worked shifts scheduled from 11:00 a.m. through 8:00 p.m., with a one-hour lunch break, on Mondays, Tuesdays, Thursdays, Fridays, and Sundays throughout his employment.

26.     Plaintiff was required to, and did, routinely work through his lunch break with the knowledge and consent of Defendant, resulting in at least 9 hour days.

27.     Plaintiff would further stay past 8:00 p.m., until approximately 9:30 p.m. when he was with clients, and this was done with the knowledge and consent of Defendant. This would result in days worked in excess of 10 hours per day, for which Plaintiff was not compensated at

5

an additional hour at the minimum wage as required pursuant to the New York "Spread of Hours Law."

28. Plaintiff was paid bi-weekly.

29. Plaintiff would clock in every shift using Defendant's timekeeping system. The system presumed an eight-hour shift, and presumed a one-hour lunch, regardless of the time actually worked and regardless of whether the lunch period was taken for the full hour. There was no mechanism or procedure for Plaintiff to clock-in and clock-out to reflect his actual hours worked, which were nearly always 9 hours or more per day, and not 8 hours per day.

30. Thus, because of Defendant's improper compensation policies, Plaintiff was not paid for at least 10 hours, and in some cases as many as 20 or more hours, per pay period, in direct violation of the NYLL.

31. This procedure occurred throughout Plaintiff's employment with Defendant.

32. Plaintiff did, on at least one occasion, work an additional day during his bi-weekly pay period, resulting in 11 shifts instead of 10. During this additional day, Plaintiff did clock-in and register his shift, resulting in a paycheck that reflected 88 hours worked during that bi-weekly period.

33. The paycheck reflecting the 88 hours worked was compensated at $11 per hour for each hour worked, depriving Plaintiff of overtime pay for the additional 9 hour shift worked during that pay period.

34. While Plaintiff received wage statements accompanying his paychecks, these wage statements did not accurately reflect all hours worked by Plaintiff, instead limiting his shifts to 8 hours per shift, when he worked well in excess of 8 hours per shift.

6

35.   Because of Defendant's improper compensation policies, Plaintiff was deprived of pay for hours worked in direct in violation of the NYLL.

36.   A good faith basis for believing that the underpayment of wages for Plaintiff was in compliance with applicable wage laws does not exist.

37.   By Defendant's knowing and/or intentional failure to pay Plaintiff his full wages, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations.

38.   Defendant is aware or should have been aware that New York State law required Defendant to pay Plaintiff wages for all time worked.

39.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

## Uniform Violation

40.   At his time of hire, Plaintiff was given only 2 uniforms despite working 5 days per week. The uniform consisted of a button shirt emblazoned with an "LA Fitness" logo. At no time was Plaintiff ever given additional articles of the uniform.

41.   Plaintiff was required by Defendant to wear this uniform every shift.

42.   Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff.

43.   Defendant did not launder Plaintiff's required uniforms, nor did Defendant offer to launder the required uniforms.

44.   Plaintiff's uniform was issued by Defendant to him for the express benefit of Defendant and it was a condition of his employment to wear them during each shift.

45.   Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

7

46.      Plaintiff routinely spent time off-the-clock and money to clean and maintain his uniform consistent with the uniform appearance standards Defendant require.

47.      Plaintiff was entitled to reimbursement or additional pay for time spent off the clock and money spent in laundering and maintained Defendant's uniform.

48.      Defendant's unlawful conduct has been widespread, repeated, and consistent.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF
### OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law

49.      Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

50.      Defendant required Plaintiff and the Class to wear a emblazoned with an "LA Fitness" logo each of his shifts worked.

51.      Defendant only provided Plaintiff and the Class with two uniforms each despite each them working several days per week.

52.      Defendant failed to supply sufficient articles of uniform clothing consistent with the average number of days per week worked by Plaintiff and the Class.

53.      Defendant did not launder Plaintiff or the Class' required uniforms, nor did Defendant offer to launder them.

54.      Plaintiff and the Class' uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

55.      Defendant never paid any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

56.      Plaintiff and the Class routinely spent time off-the-clock and money to clean and maintain their uniforms consistent with the uniform appearance standards Defendant require.

8

57.    Defendant's conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including, but not limited to: the Minimum Wage Order for Miscellaneous Industries and Occupations, 12 NYCRR 142; the New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. Part 146; and/or the former New York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. Part 137.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law

58.    Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

59.    The wage provisions of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

60.    Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198, and 663(1), the Defendant willfully failed to pay the straight or agreed upon wages due as set forth in the preceding paragraphs.

61.    Defendant failed to pay Plaintiff and the Class the wages to which they are entitled under the NYLL and other supporting New York Department of Labor Regulations.

62.    By Defendant's knowing and/or intentional failure to pay the straight or agreed upon wages, Defendant knowingly violated the NYLL and other supporting New York Department of Labor Regulations.

63.    Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the difference between the amount they were actually paid, and the amount that they should have been paid had Defendant paid them the agreed-upon wages. In addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of their actual damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

9

## AS AND FOR A THIRD CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF AND THE CLASS
## For Nonpayment of Overtime in Violation of NYLL

64.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

65.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-3.2 apply to Defendant to protect Plaintiff and Class Plaintiffs.

66.     Defendant failed to pay Plaintiff and Class Plaintiffs overtime wages to which they are entitled under the NYLL and supporting regulations.

67.     By Defendant's knowing and/or intentional failure to pay Plaintiff and Class Plaintiffs overtime wages for hours worked in excess of 40 in a week, Defendant has willfully violated NYLL § 190 *et seq.* including, but not limited to §§190, 191, 193, 198 and 650 and the supporting regulations.

68.     Due to these violations, Plaintiff and Class Plaintiffs are entitled to recover from Defendant their unpaid overtime wages, liquidated damages equal to 100% of the unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF AND THE CLASS
## For Violation of the New York "Spread of Hours Law,"
## 12 N.Y.C.R.R. §142-2.4

69.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

70.     Plaintiff and Class Plaintiffs were required by Defendant to work 10 or more hours in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours.

71.     These practices were willful and lasted for the duration of the relevant time periods.

72.     This practice is in violation of the New York "Spread of Hours Law."

## AS AND FOR A FIFTH CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF AND THE CLASS
## For Violation of the New York Labor Law

73.     Defendant willfully failed to supply Plaintiff and Class Plaintiffs, as required by NYLL, Article 6 § 195(3) with an accurate statement with every payment of wages, listing gross wages, deductions, and net wages.

74.     Defendant through its knowing or intentional failure to provide Plaintiff and Class Plaintiffs with accurate wage statements willfully violated the NYLL.

75.     Due to Defendant's willful violation of the NYLL, Plaintiff and Class Plaintiffs are entitled to statutory penalties of $250 for each day that Defendant failed to provide Plaintiff and Class Plaintiffs with an accurate wage statement, to a maximum of $5,000 for each of Plaintiff and each Class Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, demands judgment against Defendant as follows:

1.     Certification as a class as described herein pursuant to CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

2.     A jury trial on these issues to determine liability and damages;

3.     Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

11

4.      A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 215; the New York Labor Law §§ 650 et seq.; the New York Wage Theft Prevention Act; and any other applicable state or federal statute or regulation;

5.      All damages which Plaintiff and Class Plaintiffs have sustained as a result of Defendant's conduct, including;

    a.   Base damages equal to 100% of wages owed;

    b.   Liquidated damages equal to 100% of wages owed;

    c.   An award of statutory penalties for each workday that Defendants failed to provide Plaintiff with an accurate wage statement, or a total of $5,000;

    d.   Exemplary, punitive, and statutory damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

6.      Awarding Plaintiff and Class Plaintiffs their costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

7.      Pre-judgment and post-judgment interest, as provided by law; and

8.      Granting such other and further relief as this Court deems necessary and proper.


Dated: Jericho, New York
      April 2, 2018

                            /s/ JAMES BOUKLAS
                            James Bouklas, Esq.
                            Bouklas Gaylord LLP
                            *Attorneys for Plaintiffs*
                            400 Jericho Turnpike Suite 226
                            Jericho, NY 11753
                            Phone: (516) 742-4949
                            Fax:    (516) 742-1977

12

Attorney(s)

Index # **23752-2018E**
Purchased/Filed: April 2, 2018
State of New York
Court: Supreme
County: Bronx

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Maurice Portis on behalf of himself and all others similarly situated

against

Fitness International LLC dba La Fitness

Defendant

| STATE OF NEW YORK )<br>COUNTY OF ALBANY ) SS<br>CITY OF ALBANY ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: 55 yrs |
| --- | --- | --- |

Weight: 120 lbs  Height: 5' 1"  Sex: Female  Color of skin: White

Hair color: Brown  Other:

Robert Guyette , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on April 5, 2018 , at 12:09 PM , at the office of the

Secretary of State of the State of NY located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served
Summons & Complaint

on
**Fitness International of New York LLC sued herein as Fitness International LLC dba La Fitness**

the Defendant in this action, by delivering to and leaving with Nancy Dougherty

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of $40 dollars; That said service

was made pursuant to Section LIMITED LIABILITY COMPANY LAW §303.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

5th day of April 2018

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2019

Robert Guyette
**Invoice-Work Order #** 1809281
Attorney File # **Portis**